*1215 OPINION.
Teammell :
The respondent determined that the net profit on the sale of the petitioner’s manufacturing plant and other assets consti *1216 tuted taxable income to the petitioner for the year in which the sale was consummated, and computed the deficiency accordingly. The petitioner contends that the assets were transferred to its sole stockholder, William M. Morris, in liquidation of its capital stock; that Morris sold the property to the new corporation, and that hence no profit on the transaction was derived by the petitioner.
In the light of- the facts disclosed by the evidence, we are unable to agree with the petitioner’s contentions on this point. The evidence shows that, prior to the sale of the petitioner’s assets, Morris obtained options to purchase the stock of certain minority stockholders, but his rights under the options were not exercised nor were payments made for the minority stock until after the sale of the petitioner’s assets had been concluded. Also, while the evidence shows that the stockholders, by the resolution adopted at the meeting on January 1, 1925, authorized the transfer of the petitioner’s assets to Morris upon his surrender of the capital stock, such transfer was never at any time effected. On the contrary, the assets were in fact transferred by the petitioner to the new corporation. The check of the purchasing corporation, given in payment for the assets, was deposited to the petitioner’s credit in its bank account, and the funds were later used by Morris in making settlements with the minority stockholders for their stock under the options, and for other purposes. The amount received from the purchasing corporation was credited to the personal account of Morris on the petitioner’s books, and thus it was the proceeds of the sale that he received in liquidation, after the sale had been completed, instead of the petitioner’s original assets in exchange for his stock. On this point, the determination of the respondent is approved.
No return was filed by the petitioner for the year 1925, and the respondent determined that there should be assessed a penalty of 25 per cent of the tax for failure to file the required return. Substantially, there was no defense by the petitioner other than its contention that there was no tax due, and consequently no penalty.
Section 3116 of the Revised Statutes, as amended by section 1008 of the Revenue Act of 1924, provides that:
* * * In case of any failure to make and file a return or list within the time prescribed by law, * * * the Commissioner shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax. * * *
Not only did the petitioner fail to file a return within the time prescribed by law, but failed to file a return at any time, and thus does not come within the exception provided in the statute. Accord *1217 ingly, in the recomputation of the deficiency, a penalty of 25 per cent should be added to the tax. Lee Lash Co., 6 B. T. A. 165-169.
There remains for consideration only the issue with respect to the value of the preferred stock of the Consumers Company received as part consideration for the sale of the petitioner’s assets. In determining the amount of the net profit, the respondent included this stock at par, or at a valuation of $100 per share. The burden of proof was on the petitioner to introduce evidence to show that this valuation was incorrect. The only testimony bearing directly on this question is the statement of Morris, the principal stockholder of the petitioner corporation. He testified that he “ did not guess it right, but I took it at 80 ”. Later he testified, “ I figure in my own mind it was -worth 85”. No reason or basis for such valuation was assigned. This is the testimony relied on by the petitioner to show that the preferred stock of the Consumers Company was worth $85 per share instead of par as determined by the respondent.
We have considered all the testimony in the record, but do not think that it is sufficient to overcome the presumption of the correctness of the respondent’s determination.

Judgment will be entered on 15 days' notice, under Rule 50.